CHARLES R. DeBEVOISE COMPANY, a corporation,

*v.*

H. & W. COMPANY, a corporation.

[Decided April, 1905.]

1. In a suit to enjoin the alleged illegal use of a trade name, an affidavit that complainant had used the name "for a long time" is too indefinite for judicial action.

2. The French word "brassière," which means simply "brace," as applied to an article of women's wear, but includes the idea of "restraint" and "to be under constraint," is not subject to exclusive appropriation as a trade mark for a combined corset cover and bust supporter, even by a manufacturer first so using it in the United States.

On order to show cause why an injunction should not issue.

*Mr. Harry N. Reeves* and *Mr. Jacob L. Newman,* for the complainant.

*Mr. J. Edward Smith,* for the defendant.

PITNEY, V. C.

This is a dispute over the right to use the word "brassière" for the purposes of trade.

The complainant company asserts its right to the exclusive use of that word as descriptive of an article of wearing apparel which it manufactures in large quantities.

The defendant disputes that right.

The article in question is described by complainant, and that description is acquiesced in by the defendant, as "a combined corset cover and bust supporter."

It is a close-fitting, armless jacket, reaching in a narrow band over the shoulders and opening at the back.

There is no assertion or proof that the article in question is a new invention of complainant.

There is no charge or proof that the article manufactured by defendant corporation is an attempt to imitate that manufactured by complainant corporation.

There is no distinguishing mark on either.

Each article is put up in a small paper box and on the end of the box containing that manufactured by the complainant are printed the words "DeBevoise Brassière," together with the size and style numbers, and on the end of the box containing that manufactured by the defendant are printed the words "H. & W. Brassière," together with the size and style numbers. In all the advertising circulars and trade journal insertions the same distinction is maintained.

There is no charge or attempt to prove that the defendant is seeking or attempting to put its goods on the market as goods manufactured by the complainant. In point of fact, the defendant, as between the two, was the first to manufacture ladies' wear, including the article in question and other articles of that class.

Mr. DeBevoise, the president and principal proprietor of complainant, was formerly in the employ of defendant corporation, and left its employ to promote the complainant corporation.

The issue, then, is narrowed down to the right to the exclusive use of the word "brassière."

There is no satisfactory proof on the part of the complainant as to how long it has used that word. The affidavit says "for a long time," but that is altogether too indefinite for judicial action.

The affidavit on the part of the defendant says that Mr. DeBevoise left its employ about a year ago.

The complainant's case rests solely upon its having first adopted the word "brassière" as the name for the article in question.

This is disputed by defendant, who asserts that it was long ago used in France.

But, admitting that it was first used by complainant in the

United States, let us see whether complainant can stand on that claim.

The word "brassière" is a familiar French word, found in all the dictionaries, and means simply "brace," but includes, also, the idea of "restraint." In the standard French dictionaries, "restraint" is given, as a secondary meaning, as a "leading string" indicating "restraint." As an illustration, *"etre en brassière"*—"to be under constraint."

Of course, the word "braces," in common parlance, as applied to men's wear, is a synonym for "suspenders." But it is admitted by counsel for complainant, in his written argument, that "brassière" means a "stay," "brace" or "girdle." Each of those articles is included in the description of the article given in complainant's bill, namely, "combined corset cover and bust supporter."

It is, then, a singularly appropriate name for the article in question, and has been so employed for a long time in France, according to the affidavits.

It is so printed on the ends of the boxes containing the same goods sold by Altman & Company, who keep shops both in Paris and New York.

It seems to me that this statement of the case decides it.

It is common knowledge that it is quite usual for dealers in articles of wear to designate such articles by their French names. So with dishes served in restaurants, and I can find no foundation in reason or authority for a party to appropriate to himself, for his own exclusive use, the name of an article which he manufactures and sells. To hold so would be tantamount to holding that if Mr. Dunlap should choose, in his advertisements and billheads, to name the hat which he sells in its various forms "The Dunlap Chapeau," no other manufacturer or dealer in hats could name his hat "The Smith Chapeau" or "The Brown Chapeau;" and that any shoe dealer could appropriate the name "soulier" to his manufacture of shoes; and every tailor the word "culotte" to his manufacture of trousers, and a glove manufacturer the word "gant."

The order to show cause is discharged.